IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES COLE AS CHAIRMAN AND ON BEHALF OF
THE BOARD OF TRUSTEES OF THE IRON WORKERS
LOCAL UNION NO. 167 HEALTH AND WELFARE
PLAN AND TRUST; THE IRON WORKERS LOCAL
UNION NO. 167 PENSION PLAN AND TRUST; THE
IRON WORKERS LOCAL UNION NO. 167
APPRENTICESHIP AND TRAINING TRUST FUND;
AND IRON WORKERS LOCAL UNION NO. 167,

  Plaintiffs,

v.                    Case No. 21-2164

ELITE IRON WORKS, ELITE IRON WORKS, LLC,
and RUSSELL FEIVOU,

  Defendants.

## COMPLAINT

  Comes now Plaintiffs, James Cole as Chairman and on behalf of the Board of Trustees of the Iron Workers Local Union No. 167 Health and Welfare Plan and Trust; the Iron Workers Local Union No. 167 Pension Plan and Trust; the Iron Workers Local Union No. 167 Apprenticeship and Training Trust Fund; and the Iron Workers Local Union No. 167, by and through their attorney, and file this Complaint against Defendants, Elite Iron Works, Russell Feivou, and Elite Iron Works, LLC, and allege as follows:

### JURISDICTION AND VENUE

  1.  This Court has jurisdiction of this action pursuant to the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132 and 1145; and §301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185.

2. Venue in this Court is appropriate pursuant to ERISA, 29 U.S.C. §1132(e)(2).

## PARTIES

3. Plaintiff, Iron Workers Local Union No. 167 ("Union"), is a labor organization as defined by the LMRA, 29 U.S.C. §152(5). The Union represents employees for the purposes of collective bargaining and maintains its place of business at 2574 Lindawood Cove, Memphis, Tennessee.

4. Plaintiff James Cole is a Trustee and Chairman of the Board of Trustees for the Iron Workers Local Union No. 167 Health and Welfare Plan and Trust ("Health & Welfare"). The Health & Welfare Plan and Trust is an employee benefit plan and qualified "multi-employer plan" as defined in ERISA, 29 U.S.C. §1002(37)(A). The Health & Welfare Plan and Trust is administered pursuant to the terms of its trust agreement in accordance with ERISA, §302 of the LMRA, 29 U.S.C. §186, and other applicable federal and state laws. Southern Benefit Administrators is the administrative manager for the Health &Welfare Plan and Trust, and maintains an office at 2001 Caldwell Drive, Goodlettsville, Tennessee 37070.

5. Plaintiff James Cole is a Trustee and Chairman of the Board of Trustees for the Iron Workers Local Union No. 167 Pension Plan and Trust ("Pension Fund"). The Pension Fund is an employee benefit plan and qualified "multi-employer plan" as defined in ERISA, 29 U.S.C. §1002(37)(A). The Pension Fund is administered pursuant to the terms of its trust agreement in accordance with ERISA, §302 of the LMRA, 29 U.S.C. §186, and other applicable federal and state laws. Southern Benefit Administrators is the administrative manager for the Pension Fund, and maintains an office at 2001 Caldwell Drive, Goodlettsville, Tennessee 37070.

6. Plaintiff James Cole is a Trustee and Chairman of the Board of Trustees for the Iron Workers Local Union No. 167 Apprenticeship and Training Trust Fund ("Apprenticeship Fund"). The Apprenticeship Fund is a trust fund as defined by §302 of the LMRA, 29 U.S.C. §186(c) and provides training to apprentice and journeymen. The Apprenticeship Fund is located at 2574 Lindawood, Memphis, Tennessee.

7. The Defendant Elite Iron Works ("Elite") is an employer as defined by the LMRA, 29 U.S.C. §152(2) and has at all relevant times been engaged in the iron work business in the State of Tennessee. Elite maintains a principal place of business at 88 Rae Drive, Munford, Tennessee 38058.

8. The Defendant, Russell Feivou ("Feivou") is the sole owner of Elite operating as a sole proprietorship. He may be served at 88 Rae Drive, Munford, Tennessee 38058.

9. The Defendant Elite Iron Works, LLC ("Elite, LLC") is an employer as defined by the LMRA, 29 U.S.C. §152(2) and has at all relevant times been engaged in the iron work business in the State of Tennessee. Elite, LLC maintains a principal place of business at 88 Rae Drive, Munford, Tennessee 38058. Elite, LLC's agent for service of process is Russell Feivou.

## COUNT 1
### (ELITE IRON WORKS)

10. Elite entered into a Collective Bargaining Agreement with Ironworkers Local Union No. 167 on June 29, 2018 requiring Elite to pay monthly fringe benefit contributions to the Funds and the Union based upon hours worked by its employees working within the jurisdiction of the Union. (See attached Collective Bargaining Agreement marked as Exhibit A).

11. The Collective Bargaining Agreement also binds Elite to the provisions of the Agreements and Declarations of Trust which created the Funds (the "Trust Agreements").

12. Elite violated the provisions of the Collective Bargaining Agreement by failing to file contribution reports and pay contributions that are owed to the Funds and the Union based upon the hours worked by employees during the period of July and August 2018.

13. On March 21, 2019 Feivou and Elite entered into a Payment Agreement with the Funds for contributions and dues owed for the months of July and August of 2018. The Payment Agreement required Elite and Feivou to submit accurate monthly reports and continue to make ongoing timely monthly contributions. The Payment Agreement also provided that Elite and Feivou agree that the Funds have the right to audit its records. While Elite and Feivou paid the then delinquent contributions pursuant to the Payment Agreement, it has failed to file monthly reports and pay required monthly contributions and dues on an ongoing basis thereafter and is therefore in violation of the Payment Agreement. (See attached Payment Agreement marked as Exhibit B).

14. Pursuant to the provisions of the Trust Agreements, the Collective Bargaining Agreement, and the Payment Agreement, the Trustees are empowered to audit the books and records of Elite in order to determine the amounts of contributions and dues owed.

15. Elite is required to pay the contributions and dues owed, liquidated damages, auditor fees, attorney fees and court costs incurred by the Funds and the Union in the collection process.

16. Elite is obligated to pay the auditor fees, attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

## COUNT II: ALTER EGO
## (ELITE IRON WORKS, LLC)

17. Count II arises out of the same common nucleus of facts previously alleged in Count I and is herewith joined under the provisions of U.S.C. Title 28, Fed.R.Civ.P. 18(a).

18. On or about January 11, 2019 Russell D. Feivou registered a Limited Liability Company known as Elite Iron Works, LLC ("Elite, LLC"). Elite, LLC was established in order for Elite and Russell Feivou to avoid their obligations under the Collective Bargaining Agreement between Elite and Ironworkers Local 167.

19. Elite, LLC engages in the same work as Elite utilizing the same equipment, employees and supervision and is located at the same address as Elite.

20. Elite, LLC is a disguised continuance of Elite and/or participated with Elite in avoiding its Fund and Union obligations.

21. Elite Iron Works, LLC is the alter ego of Elite Iron Works and/or is bound to the Collective Bargaining Agreement under a single or joint employer theory and, as such, Plaintiffs are entitled to compliance from the related entity to the terms of the Collective Bargaining Agreement and Trust Agreements.

22. Elite, LLC breached the provisions of the Collective Bargaining Agreement by failing to file contribution reports of hours worked and pay contributions and dues that are owed to the Funds based upon the hours worked by employees within the jurisdiction of the Union from January of 2019 through the present date. As a result, Elite Iron Works, LLC owes an unknown amount in contributions.

23. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreement, the Defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Funds in the collections process.

24. Plaintiffs have complied with all conditions precedent in bringing this suit.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

26. Elite Iron Works, LLC is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs pray:

A. That the Court order the Defendants to submit to an audit conducted by Plaintiff Funds' auditor;

B. That the Defendants Elite, Elite, LLC and Feivou be held jointly and severally liable and required to pay fringe benefit contributions to the Funds and dues to the Union in an amount to be determined pursuant to audit for the period of January 2019 through the present.

C. That the Defendants Elite, Elite, LLC and Feivou be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B).

D. That the Defendants Elite, Elite, LLC and Feivou be ordered to pay liquidated damages in an amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C).

E. That the Defendants Elite, Elite, LLC and Feivou be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs. (29 U.S.C. § 1132).

Respectfully submitted,

/s/ Deborah Godwin
DEBORAH GODWIN
Attorney for Plaintiffs
Godwin, Morris, Laurenzi & Bloomfield, PC
50 North Front Street, Suite 800
Memphis, Tennessee 38103
Telephone:  901-528-1702
Facsimile:   901-528-0246
Email:  dgodwin@gmlblaw.com